EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Héctor Velázquez Hernández<br>    Juez Municipal<br>    Tribunal de Primera Instancia<br>    Sala de Bayamón | 2004 TSPR 107<br><br>161 DPR ___ |

Número del Caso: AD-2002-4


Fecha: 23 de junio de 2004


Oficina de Administración de los Tribunales:

                Lcda. Ivonne Díaz Pérez
                Lcdo. Alcides Oquendo Solís
                Lcdo. Miguel A. Ferrer Rivera
                Lcda. Zenaida Gaud Negrón
                Oficina de Asuntos Legales

Abogado de la Parte Querellada:

                Lcdo. Jayson N. Ramos Pérez

Materia: Conducta Profesional


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Héctor Velázquez Hernández
Juez Municipal
Tribunal de Primera Instancia          AD-2002-4
Sala de Bayamón

PER CURIAM

San Juan, Puerto Rico a 23 de junio de 2004

I

El 30 de enero de 2001 el Sr. Rolando Fernández González presentó una queja juramentada contra el Hon. Héctor Velázquez Hernández relacionada con la conducta del magistrado en dos (2) casos en los que el quejoso fue parte. Luego de la investigación correspondiente, la Oficina de Administración de los Tribunales presentó un informe que fue referido a la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces del Tribunal

de Primera Instancia y del Tribunal de Circuito de Apelaciones (en adelante la Comisión).  El Hon. Flavio E. Cumpiano Villamor, Comisionado, determinó la existencia de causa probable para iniciar un procedimiento disciplinario contra el Juez Velázquez Hernández.

Así las cosas, el 16 de diciembre de 2002 se presentó la querella correspondiente, imputándole al querellado dos (2) cargos por infringir los Cánones I, XVI, XVII y XXVI de Ética Judicial, 4 L.P.R.A. Ap. IV-A.[1]   En su

---

[1]     **Primer cargo**

El [Juez Velázquez Hernández] incurrió en conducta impropia, incompatible con su función judicial, consistente en que se negó a escuchar al Sr. Rolando Fernández González en relación a la Querella OPA-00-815... que éste interpuso contra dos damas que eran sus inquilinas en cierto inmueble.
El [Juez Velázquez Hernández] exhibió actitud irrespetuosa, fuerte tono de voz, impaciencia, severidad excesiva, agresividad y carencia de temperamento judicial, todo lo cual afectó sus actuaciones judiciales infringiendo los Cánones I, XVI, y XVII de Ética Judicial.

**Segundo cargo**

El [Juez Velázquez Hernández] incurrió en conducta impropia, incompatible con su cargo, consistente en que no demostró diligencia en el desempeño de sus funciones judiciales al dejar de examinar responsablemente dos (2) expedientes relacionados entre sí, lo cual privó al Sr. Rolando Fernández González de su derecho a ser oído y explicar su reclamo debidamente presentado en una querella.  El [Juez Velázquez Hernández] tampoco orientó al [Sr.] Rolando Fernández González sobre el alcance de su dictamen, lo que provocó un malentendido donde el Querellado, haciendo uso indebido de la autoridad investida en él, privó al [señor] Fernández González de su

contestación a la querella, el Juez Velázquez Hernández negó que hubiese actuado en contravención a los Cánones de Ética Judicial. Luego de varios incidentes procesales, el 24 de marzo de 2004 la Comisión rindió un informe, del que surge el trasfondo fáctico que exponemos a continuación.

El Hon. Héctor Velázquez Hernández fue designado Juez Municipal el 10 de octubre de 1996 y comenzó sus labores en la sala de Aibonito. El 1ro de septiembre de 2000 fue asignado a la sala de Bayamón, donde ha permanecido hasta el presente. El 19 de septiembre de 2000 las Sras. Xiomara Torres Colón y Yesenia Mojica Vázquez solicitaron una orden de protección al amparo de la Ley Núm. 284 de 21 de agosto de 1999, 22 L.P.R.A. sec. 4013 *et seq.*, conocida como la Ley Contra el Acecho, contra el señor Fernández González. A dicha querella le fue asignado el número OPA-2000-814. El 20 de diciembre de 2000 la señora Torres Colón presentó otra querella contra el señor Fernández González, en esta ocasión en virtud de la Ley Núm. 140 de 23 de julio de 1974, 32 L.P.R.A. sec. 2871 *et seq.*, conocida como la Ley Sobre Controversias y Estados Provisionales de Derecho.[2] Ese mismo día el señor Fernández González y su esposa, la Sra.

---

libertad, al encontrarle incurso en desacato sumario en corte abierta.
        Al así actuar, el [Juez Velázquez Hernández] infringió el Canon XXVI, lo cual privó al quejoso del debido procedimiento de ley.

[2]     Dicha querella fue enumerada Q-2000-814.

Luz I. Lozada, solicitaron una orden de protección contra las señoras Torres Colón y Mojica Vázquez, a la luz de la Ley Contra el Acecho.  Dicha querella fue enumerada OPA-2000-815.

El 26 de diciembre de 2000 las partes comparecieron ante el Juez Velázquez Hernández para dilucidar las querellas OPA-2000-814 y Q-2000-814, es decir, las instadas por las señoras Torres Colón y Mojica Vázquez contra el señor Fernández González.  En esa ocasión el señor Fernández González le informó al Juez Velázquez Hernández que en la querella presentada por él, OPA-2000-815, se había señalado una vista para el día siguiente. El Juez Velázquez Hernández ordenó verbalmente la consolidación de los casos y los expedientes fueron llevados a sala.  Celebrada la vista, el Juez Velázquez Hernández falló a favor de las señoras Torres Colón y Mojica Vázquez.  Alegadamente ordenó el archivo de la querella presentada contra éstas por el señor Fernández González, sin embargo, no se emitió una resolución a esos efectos.  El Juez Velázquez Hernández únicamente anotó lo siguiente en un formulario titulado "notas del juez": "26 de diciembre de 2000 Comparecen ambas partes.  Escuchada la prueba se ordena archivo de petición.  Véase OPA-00-814.  Firmada y sellada Héctor Velázquez Hernández, Juez Municipal".[3]  La Comisión indicó que un examen del

---

[3]    Esta anotación fue archivada en el expediente de la querella OPA-2000-815, presentada por el señor Fernández

referido formulario da la impresión que esta nota fue intercalada luego de los incidentes de la vista, por lo que la querella instada por el señor Fernández González no fue archivada ese día. Señaló, además, que no existe evidencia a los efectos que el Juez Velázquez Hernández tuviese ante sí el expediente de la querella instada por el señor Fernández González al momento de celebrar la vista.

De otra parte, en el expediente de la querella presentada por las señoras Torres Colón y Mojica Vázquez, OPA-2000-814, el Juez Velázquez Hernández hizo constar lo siguiente en el formulario para las notas del juez:

> Querellante alega que querellado la persigue. No la deja tranquila. Quiere botarla de la casa. Le grita. Molesta a sus familiares y amigos.
>
> Querellado alega que le debe 3 meses de renta. Alega que todo es falso.
>
> Escuchada la prueba se expide O.P.A. por 3 meses.
>
> 26 de diciembre de 2000
> Firmada Héctor Velázquez Hernández, Juez Tribunal de Primera Instancia

Al finalizar la vista el 26 de diciembre de 2000, el señor Fernández González acudió donde la Secretaria Auxiliar, Sra. Suhaily Quiñones Rodríguez, a solicitar información con relación a la querella presentada por él. La señora Quiñones Rodríguez le informó que el Juez

---

González contra las señoras Torres Colón y Mojica Vázquez.

Velázquez Hernández había archivado su querella. El señor Fernández González se alteró y solicitó ver al Juez Velázquez Hernández. Éste lo escucho en su oficina, por el alto tono de voz utilizado por el señor Fernández González, y ordenó que lo llevaran a sala para atenderlo. El Juez Velázquez Hernández trató de explicarle que había ordenado el archivo de su querella, pero el señor Fernández González continuaba hablando en voz alta, ignorando las expresiones que hacía el juez. En dos (2) ocasiones el Juez Velázquez Hernández se vio precisado a pedirle que permaneciera en silencio mientras él hablaba. El señor Fernández González —molesto e insistiendo en explicar la situación— movía la cabeza, colocó su mano en el podio y, aunque se encontraba de frente al Juez Velázquez Hernández, viró la cara mientras éste le explicaba lo ocurrido con la querella. En vista de que el señor Fernández González continuaba hablando en voz alta sin prestar atención a lo que el Juez Velázquez Hernández decía, éste lo declaró incurso en desacato sumario y ordenó su encarcelamiento por treinta (30) días.

El señor Fernández González fue llevado a la celda del tribunal. Unos minutos más tarde el Juez Velázquez Hernández dejó sin efecto la orden de arresto y ordenó que la querella instada por el señor Fernández González

pasara a la atención de otro juez.[4]  Con relación a este

incidente, no se levantó una minuta o se emitió una orden

de arresto.  Únicamente el Juez Velázquez Hernández hizo

constar lo siguiente en el formulario de las notas del

juez:

> 26 de diciembre de 2000 – Comparece
> querellante y le hace frente al tribunal
> cuestionando sobre qu[é] expediente estaba
> leyendo y a qui[é]n había citado o no.  Al
> llam[á]rsele la atención le dio la espalda al
> tribunal.  Se ordena arresto por desacato
> sumario al tribunal.  En reconsideración se
> deja sin efecto orden de arresto por desacato
> luego de pasadas las partes ante el tribunal
> nuevamente.  Firmada Héctor Velázquez
> Hernández, Juez del Tribunal de Primera
> Instancia.

Analizada la prueba presentada ante la Comisión,

ésta determinó que el Juez Velázquez Hernández infringió

los Cánones I, XVI y XVII de Ética Judicial, *supra*, y

recomendó que éste fuera sancionado con una amonestación.

A la luz de la prueba que consta en autos, procedemos a

resolver.


II

Dentro de nuestra estructura política, social y

jurídica los jueces y juezas ocupan una posición de

singular importancia ya que su nombramiento es producto

del consenso entre las Ramas Legislativa y Ejecutiva de

gobierno quienes, a su vez, depositan en éstos la

---

[4]    La querella fue referida a la Hon. Albis C. Rivera
Medero, Jueza Municipal.

confianza del Pueblo en que la administración de la justicia recaerá sobre personas con una conducta irreprensible. *In re: Martínez González*, res. el 26 de junio de 2000, 151 D.P.R. _____ (2000), 2000 T.S.P.R. 96, 2000 J.T.S. 107; *In re: Robles Sanabria*, res. el 22 de junio de 2000, 151 D.P.R. _____ (2000), 2000 T.S.P.R. 94, 2000 J.T.S. 106. Debido al alto ministerio que ejercen los jueces y juezas están obligados a exhibir un comportamiento que refleje imparcialidad, entereza y convicción. *In re: Campoamor Redín*, 139 D.P.R. 909, 920 (1996). La confianza del Pueblo en el sistema judicial exige, no únicamente que los jueces y juezas actúen correctamente, sino también que promuevan la impresión de que actúan conforme a los más altos principios morales. *In re: Maldonado Torres*, res. el 20 de diciembre de 2000, 152 D.P.R. _____ (2000), 2000 T.S.P.R. 190, 2000 J.T.S. 180; *In re: Nevárez Zavala*, 123 D.P.R. 211, 524 (1989); Conferencia Judicial de Puerto Rico, *La Judicatura Puertorriqueña*, 1981, pág. 147.

Para asegurar el cumplimiento de estos postulados, la Constitución del Estado Libre Asociado, en su Art. V, Sec. 13, confiere autoridad a este Tribunal para llevar a cabo los procedimientos disciplinarios relacionados con los jueces y juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones. L.P.R.A., Tomo I. En virtud de dicha autoridad fueron aprobados los Cánones de Ética Judicial, que constituyen normas mínimas de

conducta a ser observadas por todos los miembros de la Judicatura. 4 L.P.R.A. Ap. IV-A, C. 26. Al Juez Velázquez Hernández se le imputa haber actuado en contravención a los Cánones I, XVI y XVII de Ética Judicial, *supra*.

El Canon I, como precepto general, establece la importancia de que con su conducta los jueces y juezas ayuden a mantener la fe del pueblo en la justicia a través de su integridad e imparcialidad.[5] Estas cualidades deben exhibirse tanto en la vida pública como en la privada. Rafael J. Torres Torres, *Cánones de Ética Judicial de Puerto Rico, Comentarios*, FORUM 1-4, octubre 1993, pág. 7. De otra parte, el Canon XVI requiere que al desempeñar su función los jueces y juezas salvaguarden la dignidad de los seres humanos mediante el trato cortés y respetuoso a los abogados, testigos, jurados, funcionarios del tribunal y a todas las personas que

---

[5] Dicha norma establece:

> La fe de un pueblo en la justicia, como valor esencial de la democracia, debe ser mantenida por los tribunales a los más altos niveles de la responsabilidad pública.
>
> En el ejercicio de su delicada función, aquellas personas llamadas a impartir justicia, conscientes de la posición que ocupan en la sociedad y de la trascendencia de su misión, deben velar por que sus actuaciones respondan a normas de conducta que honren la integridad e independencia de su ministerio y estimulen el respeto y la confianza en la Judicatura.

comparezcan ante ellos o ellas.[6]  Finalmente, el Canon XVII impone a los jueces y juezas la obligación de mantener el orden y decoro en el tribunal a través de su propia conducta.[7]

Los Cánones XVI y XVII regulan el comportamiento de los jueces y juezas en sala ya que éste es uno de los

---

[6]  De acuerdo con el citado canon:

La Jueza o el Juez debe ser considerado y respetuoso con los abogados y las abogadas, especialmente con aquellas personas que comienzan a ejercer la profesión. Ha de serlo también con los o las testigos, jurados, funcionarios o funcionarias del tribunal y todos los que comparezcan ante él o ella. Velará, además, porque los abogados y las abogadas y los otros funcionarios o funcionarias o empleados o empleadas del tribunal bajo su dirección mantengan igual conducta.

[7]  Este precepto dispone, en lo pertinente:

El Juez o la Jueza dirigirá los trabajos del tribunal con orden y decoro y estará alerta contra todo proceder que pueda afectar la dignidad y el respeto debidos al tribunal. Intervendrá para impedir cualquier conducta impropia de las partes, los abogados y las abogadas o cualquier otra persona, y tomará la acción que en su discreción proceda de acuerdo con la ley, los Cánones de Ética Profesional y las mejores tradiciones del sistema judicial.
En el curso de los procedimientos judiciales, el Juez o la Jueza mantendrá su actitud general, sus manifestaciones y el tono de su voz dentro de la debida propiedad y circunspección sin mostrar impaciencia o severidad excesivas. Tampoco hará comentarios ni gestos ajenos al proceso judicial, entendiéndose comprendidos dentro de esta prohibición, aquellos comentarios, expresiones o gestos que envuelvan burla o mofa; ni ridiculizará de modo alguno a los abogados o las abogadas, las partes, los o las testigos, funcionarios o funcionarias del tribunal o a otras personas que a él o ella acudan.

factores que más contribuye a elevar o erosionar la confianza en la Judicatura. Luis M. Negrón Portillo, *Ética y disciplina judicial*, 1987, pág. 136. Los jueces y juezas, junto con los abogados y abogadas, son responsables de preservar la dignidad de los procedimientos judiciales mediante normas de urbanidad y respeto mutuo. *In re: Andréu Rivas*, 81 D.P.R. 90, 121 (1959). ***El ejercicio de su ministerio exige que mantengan la serenidad aun ante una provocación por parte de alguna persona irrespetuosa o altanera.*** *In re: Cruz Aponte*, res. el 7 de abril de 2003, 159 D.P.R. \_\_\_\_\_ (2003), 2003 T.S.P.R. 51, 2003 J.T.S. 52; *In re: Maldonado Torres, supra*. Por supuesto, los magistrados y magistradas no quedan desprovistos de mecanismos para vindicar la dignidad del foro judicial ya que tienen a su alcance el desacato, tanto civil como criminal. Es precisamente con relación a la autoridad de los jueces y juezas para utilizar el mecanismo del desacato que versa la querella de marras.

### III

El desacato es un procedimiento *sui generis*, que exige la inmediata intervención del juez o jueza y cuyo objetivo es vindicar la autoridad y dignidad del tribunal. *Pueblo v. Torres*, 56 D.P.R. 605, 623 (1939). Cónsono con el mencionado propósito, cualquier acto o conducta que tienda a impedir u obstruir la

administración de la justicia por un tribunal o que menoscabe la autoridad o dignidad del mismo será considerado desacato. Santos Primo Amadeo, *El poder de los tribunales en Puerto Rico para castigar por desacato*, 1961, pág. 5.

Los actos constitutivos de desacato pueden ser directos o indirectos. De esta forma se incurrirá en desacato directo cuando la acción u omisión lesiva a la adecuada administración de la justicia se cometa en presencia del tribunal, mientras que el desacato será indirecto cuando dicha acción u omisión ocurra a distancia del tribunal y fuera de su inmediata presencia. *In re: Cruz Aponte, supra.* A su vez, el desacato directo puede ser civil o criminal.[8]

El castigo en el desacato civil es de naturaleza coercitiva, mientras que en el desacato criminal es de carácter punitivo. La imposición de desacato civil persigue lograr el cumplimiento de una orden emitida por

---

[8] Resulta preciso indicar que son múltiples las fuentes de la facultad para castigar por desacato. La Regla 40.9 de Procedimiento Civil, 32 L.P.R.A. Ap. III, reglamenta el desacato civil. De otra parte, el Art. 235 del Código Penal, 33 L.P.R.A. sec. 4431, y la Ley de Desacato, Ley de 1ro de marzo de 1902, según enmendada, 33 L.P.R.A. secs. 517-518, tipifican la conducta que será considerada como desacato. La Regla 242 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, establece el tipo de conducta clasificada como desacato criminal directo e indirecto. Además, en nuestro ordenamiento jurídico se reconoce el poder inherente de los tribunales para castigar por desacato. *Pérez Pascual v. Vega Rodríguez*, 124 D.P.R. 529, 535 (1989); *Pueblo v. García Rivera*, 103 D.P.R. 547, 551 (1975); *De Torre V Corte*, 58 D.P.R. 515, 525 (1941).

el tribunal.  Dora Nevares-Muñiz, *Sumario de derecho procesal penal puertorriqueño*, 4ta ed., 1995, pág. 239. De otra parte, la conducta constitutiva de desacato criminal debe interrumpir los procedimientos llevados a cabo en el foro judicial y menoscabar el respeto debido al tribunal.  Véanse *In re: Cruz Aponte, supra*; *Pueblo v. Lamberty*, 112 D.P.R. 79, 82 (1982); *Dubón v. Casanova*, 65 D.P.R. 835, 844-845 (1945).

Con relación al desacato criminal, que fue el impuesto en el caso que nos atañe, el Art. 235 del Código Penal, *supra*, establece, en lo pertinente, que será culpable por el delito de desacato cualquier persona que:

> (a) Perturbare el orden, causare ruido o disturbio o se condujere en forma desdeñosa o insolente hacia un tribunal de justicia o un magistrado durante el desarrollo de una investigación judicial o una sesión tendiendo con ello directamente a interrumpir los procedimientos o menoscabar el respeto debido a su autoridad, o en presencia del jurado mientras esté en estrados o deliberando en alguna causa.

A la luz de las normas previamente expuestas, debemos determinar si el Juez Velázquez Hernández abusó de su autoridad al hallar incurso en desacato al señor Fernández González.

IV

La prueba testifical que consta en autos revela que luego de finalizada la vista en la que el Juez Velázquez Hernández verbalmente ordenó el archivo de la querella

instada por el señor Fernández González, éste acudió a la ventanilla de la Sala de Investigaciones del Centro Judicial de Bayamón, donde fue atendido por la señora Quiñones Rodríguez.[9] De acuerdo con el testimonio de ésta:

> ...cuando él [señor Fernández González] sale de la sala, la persona va a donde mí, a la ventanilla y me pregunta, que él no está de acuerdo con lo que había determinado el Juez, con una resolución, porque, ¿sabe?, él entendía que lo que había determinado el Juez no era a favor de él, sino, en contra de él. Pues, yo le digo al caballero, que yo no tengo voz ni voto en esa resolución, simplemente yo soy una secretaria.... ¿Sabe?, él siguió alterado, de que... con relación a que él no está de acuerdo con la resolución. De que él quería que el Juez determinara otra resolución. Yo le indico nuevamente de que yo no puedo indicarle eso al Juez, ya que él estaba en sala, porqué no se lo aclaró al Juez. Y él me indica de que el Juez determinó una resolución, que no estaba de acuerdo. Se siguió alterando, alterando. Declaración jurada de la señora Quiñones Rodríguez, 26 de marzo de 2001, págs. 2-3.

La señora Quiñones Rodríguez continuó declarando que en aquel momento pasó el Juez Velázquez Hernández quien, al escuchar las manifestaciones del señor Fernández González, ordenó que lo llevaran a sala. Una vez en sala, el señor Fernández González continuó alterado y no permitió que el Juez Velázquez Hernández le explicara los detalles de su caso. Conforme al testimonio del Alguacil

---

[9]   El Juez Velázquez Hernández no ordenó el archivo mediante una resolución, sino que lo hizo constar en las notas del juez del expediente OPA-2000-815. Sobre este particular, es menester instar a los magistrados y magistradas a ser muy cuidadosos en el trámite administrativo de los casos que ante ellos se ventilan.

José Luis Rivera De Jesús, quien estuvo presente al momento en que el señor Fernández González fue encontrado incurso en desacato:

> R. ...**[e]l Juez le estaba explicando los pormenores de ese caso y diciéndole qué es lo que sucedía y lo que él señalaba,** porque [sic] tenía él que restablecerle la luz a una muchacha, que él se la había cortado, [a] una inquilina de él.  Y por unos acechos también, yo creo que en contra de la prima de la muchacha.  **Y el Juez, pues, le estaba explicando lo que había.  Y el Señor, pues, se puso pico a pico con el Juez y el Juez le advirtió que mientras él hablaba, que se quedara callado.  Que no hable mientras el Juez estuviera hablando.**  Entonces, pues, el Juez continuó y el señor también continuó hablando....
>
> P. ¿Además de continuar el señor hablando, de alguna otra manera interrumpió los procedimientos del Tribunal?
>
> R. Bueno, en su movimiento.  **Hacía un movimiento como que no quería oír lo que estaba diciendo el Juez.**
>
> . . . .
>
> P. ¡Ujú!  ¿Y qué pasó?
>
> R. **Y él siguió pico a pico y le alzó la voz al Juez.  Yo creo que en dos o tres ocasiones.  Y el Juez se lo advirtió como dos veces.  Le indicó que le iba a dar un desacato.  Y él siguió y el Juez, pues, le dio el desacato** y yo lo esposé y lo llevé a la celda. Declaración jurada del señor Rivera De Jesús, 28 de marzo de 2001, págs. 3-4.  (Énfasis suplido.)

Luego de analizar en su totalidad la prueba que consta en autos, debemos concluir que el señor Fernández González se condujo en forma desdeñosa e irrespetuosa hacia el tribunal.  Ello en vista de su reacción airada,

su alto tono de voz y su insistencia en hablar en lugar de escuchar la explicación que el Juez Velázquez Hernández le estaba ofreciendo con relación al archivo de su querella. En conclusión, la conducta del señor Fernández González, en presencia del tribunal, constituyó un menosprecio a la autoridad del foro judicial. Ante tales circunstancias, los jueces y juezas tienen discreción para utilizar el mecanismo del desacato, como ocurrió en el caso ante nos. El hecho de que el Juez Velázquez Hernández hablara al mismo tiempo que el señor Fernández González y lo exhortara a moderar su tono de voz, no implica que el magistrado haya actuado con severidad excesiva o agresividad. Tampoco surge de la prueba presentada que éste haya proferido palabras soeces o algún insulto al señor Fernández González. En síntesis, entendemos que la conducta del Juez Velázquez Hernández no constituyó un trato desconsiderado hacia el señor Fernández González y que el magistrado tampoco ejerció su facultad para imponer desacato en aras de satisfacer un deseo personal, por ende, éste no contravino los Cánones I y XVI de Ética Judicial.[10]

---

[10] El caso ante nos es distinguible de *In re: Cruz Aponte, supra*, donde suspendimos de empleo y sueldo a la querellada durante el tiempo que restara de su término por ordenar el arresto de una trabajadora social que la llamó solicitando un servicio. En dicho caso la conducta alegadamente constitutiva de desacato sumario fue por vía telefónica; la ex Jueza Nilda Cruz Aponte contestó la llamada de la trabajadora social en un tono airado y se condujo de forma irreflexiva hacia ésta; la ex Jueza Cruz Aponte ordenó el arresto de la trabajadora

Ahora bien, **es menester reiterar que los miembros de la Judicatura no deben descender al nivel de su interlocutor al lidiar con personas irrespetuosas.  "Todo juez o jueza debe mantener la calma siempre, incluso ante conducta inapropiada de los abogados, los testigos o las partes".** *In re: Cruz Aponte, supra*.  (Énfasis suplido.)

De otra parte, al ordenar el arresto del señor Fernández González por el delito de desacato, el Juez Velázquez Hernández no levantó una minuta del incidente, sino que recopiló lo ocurrido en el formulario para las notas del juez.  Tampoco emitió una orden de arresto. Sobre este particular, la Regla 242(a) de Procedimiento Criminal, *supra*, dispone:

> El desacato criminal podrá castigarse en forma sumaria siempre que el juez certifique que vio u oyó la conducta constitutiva de desacato y que se cometió en presencia del tribunal.  La orden condenando por desacato expondrá los hechos y será firmada por el juez, dejándose constancia de ella en las minutas del tribunal.

---

social sumariamente sin proveerle a ésta una oportunidad de explicarse o de ofrecer una disculpa, demostrando, a su vez, que carecía de temperamento judicial.

A *contrario sensu*, en el caso de autos, la conducta irrespetuosa del señor Fernández González ocurrió en presencia del tribunal; de la prueba se desprende que desde antes de entrar a sala ya éste estaba alterado al enterarse de que se había ordenado el archivo de su querella; el Juez Velázquez Hernández intentó explicarle lo ocurrido con su querella al ordenar que pasara a sala; y aunque el Juez Velázquez Hernández estaba contrariado por la reiterada falta de respeto al tribunal, no hay evidencia que nos lleve a concluir que éste actuara de forma prejuiciada o irreflexiva.

El procedimiento sumario constituye una excepción a las garantías constitucionales ya que en el mismo se antepone el interés de mantener el orden y la integridad del proceso judicial. *Pueblo v. Susoni*, 81 D.P.R. 124, 156 (1959). A la luz de la citada regla la jueza o el juez sentenciador en la orden o mandamiento imponiendo el desacato, debe hacer constar los hechos constitutivos del delito y la pena impuesta.[11] Aunque dicha orden o mandamiento debe ser preparada, firmada y notificada al acusado sin dilación necesaria, hemos señalado que, por razones prácticas, ésta usualmente es redactada y firmada después que el juez o jueza ha encontrado a la persona incursa en desacato. *Pueblo v. Santiago Lavandero*, 108 D.P.R. 647, 653-654 (1979). La consecuencia de incumplir el procedimiento establecido en la Regla 242(a) de Procedimiento Criminal, *supra*, es que la sentencia quedará enteramente nula y sin efecto.[12]

Como indicamos anteriormente, el Juez Velázquez Hernández no emitió una orden de arresto o un mandamiento donde expusiera los hechos que dieron lugar a la sentencia impuesta al señor Fernández González por el delito de desacato, la cual fue reconsiderada y dejada sin efecto unos minutos más tarde. Únicamente hizo un escueto resumen del incidente en el formulario para las

---

[11] Véase además *Pérez Pascual v. Vega Rodríguez*, *supra*.

[12] Véase *Pueblo v. Tribunal Superior*, 92 D.P.R. 471, 476-477 (1965).

notas del juez. **Este proceder, aunque inadecuado por contravenir las garantías del debido proceso de ley de las que gozan los imputados de delito, constituye un error de derecho.** Conforme a la Regla 6 de las de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones de Puerto Rico, 4 L.P.R.A. Ap. XV-A, "...[n]o será investigada aquella queja o solicitud de separación que: ...(b) pretenda intervenir impropiamente con determinaciones judiciales". El comentario al citado inciso (b) señala que **la comisión de un error de hecho o de derecho por un juez o jueza en el desempeño de sus funciones judiciales no es causa para disciplinarlo.**[13] Véanse *In re: Díaz García*, res. el 11 de febrero de 2003, 158 D.P.R. _____ (2003), 2003 T.S.P.R. 13, 2003 J.T.S. 15; *Feliciano Rosado v. Matos, Jr.*, 110 D.P.R. 550 (1981).

A la luz de lo anterior, es forzoso concluir que la omisión de emitir una orden o mandamiento ordenando el arresto del señor Fernández González y en la que se expusieran los hechos que dieron lugar a la sentencia por el delito de desacato, aunque no es la práctica más

---

[13] *Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones de Puerto Rico*, 131 D.P.R. 630, 644 (1992).

deseable, no es una actuación que deba ser penalizada a la luz de los Cánones de Ética Judicial, por tratarse de un error de derecho del Juez Velázquez Hernández.[14] Además, tampoco encontramos en las actuaciones del magistrado falta de imparcialidad o una conducta intencional en abierto desafío a las normas estatutarias vigentes.[15] De otra parte, no fue la conducta observada por el Juez Velázquez Hernández una impropia e incompatible con la función judicial. En conclusión, las actuaciones del Juez Velázquez Hernández no constituyen una violación a los Cánones de Ética Judicial que ameriten la imposición de una medida disciplinaria en su contra.

V

Por los fundamentos antes expuestos, se exonera al Hon. Héctor Velázquez Hernández de los cargos presentados en su contra y se ordena el archivo de este asunto.

Se dictará sentencia de conformidad.

---

[14] Debemos puntualizar, no obstante, que "[l]a alta y honrosa prerrogativa de ordenar un arresto y restringir la libertad personal del ciudadano con que el Pueblo ha investido a la persona del juez, con exclusión de todo otro funcionario público por elevada que sea su jerarquía constitucional, jamás deberá usarse por el juez para propósito alguno que no sea el de la justicia que él está llamado a impartir". *In re: Cruz Aponte, supra; In re: Pérez Rodríguez*, 91 D.P.R. 219, 224 (1964).

[15] Por el contrario, el Juez Velázquez Hernández unos minutos más tarde de dictar la sentencia en corte abierta reconsideró su dictamen y ordenó la excarcelación del señor Fernández González.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Héctor Velázquez Hernández
Juez Municipal
Tribunal de Primera Instancia       AD-2002-4
Sala de Bayamón

SENTENCIA

San Juan, Puerto Rico a 23 de junio de 2004

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se exonera al Hon. Héctor Velázquez Hernández de los cargos presentados en su contra y se ordena el archivo de este asunto.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo